### Archibald Roulston v. John McClelland.

A bailee without hire is not bound to keep articles deposited with him, after he has offered to deliver them, and made an actual tender to the owner; and if upon tender thereof the owner refuse to take them away, the bailee may lawfully place them off from his premises, without responsibility for their subsequent loss.

The return from one of the lower courts, on appeal, should contain *the pleadings* as well as the evidence.

This was an appeal by the defendant from a judgment of the Sixth District Court in favor of the plaintiff. The facts are stated in the opinion.

*Thomas B. Barnaby*, for the appellant.

*George Defendorf*, for the respondent.

By the Court. Woodruff, J.—The return in this case does not inform us of the nature of the action, what was the ground of complaint, nor what was the issue between the parties; and no arguments are submitted from which we can infer what was the precise point in contest before the court below. The justice appears to have rendered judg-

ment against the defendant for the value of certain goods. We might, with great propriety, decline reviewing that judgment, where nothing is before us but the evidence in the cause, upon which the broad question is presented, whether that evidence would warrant *any judgment* against the defendant, under any supposable state of the pleadings, or upon any possible issues between the parties? We are not willing to sanction such a precedent. The return is grossly imperfect, and a review of a case in appeal, without the pleadings before us, must, in general, be to a great extent a review founded in conjecture.

In this particular case, however, we find no difficulty in saying, that upon the evidence in the case, the defendant was not liable to the plaintiff for the goods in question. The evidence showed that he was a mere bailee without hire, or reward, who had consented to receive and had received, for safe keeping, the clothing of the plaintiff's wife, to be returned to her when she desired. It would seem that she, for some reason, had been held in prison, and the goods remained with the defendant till her release. On her discharge she called on the defendant, to inquire for her goods, and on either her first or second call, the defendant offered them to her, and required her to remove them. She refused to take them away, and he thereupon placed them on the sidewalk in the street; and we learn nothing more of them. In all this the defendant was right. He was under no obligation to take care of the goods longer. He had fulfilled the duty he assumed when he suffered the goods to be deposited with him. As bailee without hire, he was at liberty to terminate his custody at any moment he chose, giving reasonable opportunity to the owner to remove the goods. The defendant kept the goods until the whole object of the deposit was accomplished, and the plaintiff's wife was restored to her liberty; then tendered to her her clothing, and on her refusal to remove them herself, he, as he lawfully might, put them off his premises, and left her to take them away or not, or to suffer them to be wasted, as she thought proper. Any other

view of the defendant's rights would make him the perpetual custodian of another's goods against his own will.

We cannot discover any ground upon which the judgment can be sustained.

*Judgment reversed, with costs.*